IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALDOR SPECIALTY FOODS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HALE & HEARTY SOUPS L.L.C.; HUDSON RIVER COFFEE AND TEA 101, LLC; HUDSON RIVER COFFEE AND TEA 102, LLC; HUDSON RIVER COFFEE AND TEA 103, LLC; HUDSON RIVER COFFEE AND TEA104, LLC; HUDSON RIVER COFFEE AND TEA 105, LLC; HUDSON RIVER COFFEE AND TEA 106, LLC (individually and/or collectively d/b/a Coffee Bean & Tea Leaf); and SHAWN BALLARD<br><br>    Defendants. | Civil Action No.: 1:22-cv-03482-JMF<br><br>**DEFAULT JUDGMENT** |

    THIS MATTER having been opened to the Court on the Motion for Default Judgment by McElroy, Deutsch, Mulvaney & Carpenter, LLP, counsel for plaintiff, Baldor Specialty Foods, Inc. ("Baldor") upon service and notice to the Defendants, Hale & Hearty Soups LLC, Hudson River Coffee and Tea 101, LLC, Hudson River Coffee and Tea 102, LLC, Hudson River Coffee and Tea 103, LLC, Hudson River Coffee and Tea 104, LLC, Hudson River Coffee and Tea 105, LLC, Hudson River Coffee and Tea 106, LLC, and Shawn Ballard; before the Honorable Jesse M. Furman, U.S.D.J., United States District Court, Southern District of New York at 40 Centre Street, Room 2202, New York, NY 10007, for entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Rules 5.1 and 55.2(b) of the Civil Rules for the for the Southern District of New York, against the Defendants, and it appearing that Clerk's Certificates of Default of each of the Defendants were entered on May 27, 2002 [Docket Entry Nos. 22 - 29, respectively], and the Court

having read and considered the Complaint, and the Declarations and Supplemental Declarations of Nick Schurr and Virginia T. Shea, Esq. in support thereof; and having considered that Baldor's claim falls within the statutory trust created under P.L. 88-273, the 1984 amendment to Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"), and the Defendants having failed to appear in this action as of the date hereof;

IT IS on this  1st   day of  August  , 2022,

**ORDERED** that Baldor's Motion seeking Default Judgment is hereby **GRANTED** as set forth herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that Judgment be, and it is hereby entered, as follows:

1. Judgment in favor of Baldor and against Hudson River Coffee and Tea 101, LLC, Hudson River Coffee and Tea 102, LLC, Hudson River Coffee and Tea 103, LLC, Hudson River Coffee and Tea 104, LLC, Hudson River Coffee and Tea 105, LLC, Hudson River Coffee and Tea 106, LLC, jointly and severally, in the amount of $3,499.91, plus prejudgment interest of $263.58 through July 31 2022, for an aggregate judgment of **$3,763.49** plus post-judgment interest.

2. Judgment in favor of Baldor and against Hale & Hearty Soups, LLC and Shawn Ballard, jointly and severally, in the amount of $58,499.75, plus prejudgment interest of $5,120.90 through July 31, 2022, for an aggregate judgment of **$63,620.65** plus post-judgment interest.

3. Judgment in favor of Baldor and against Hudson River Coffee and Tea 101, LLC, Hudson River Coffee and Tea 102, LLC, Hudson River Coffee and Tea 103, LLC, Hudson River Coffee and Tea 104, LLC, Hudson River Coffee and Tea 105, LLC,

Hudson River Coffee and Tea 106, LLC, Hale & Hearty Soups, LLC and Shawn Ballard, jointly and severally, for Baldor's attorney's fees and expenses of **$18,990.16**.

**ORDERED**, that a true but uncertified copy of this Judgment shall be delivered by Baldor or its designee to the Defendants, counsel for any or all of the Defendants, or the agents of any or all of the Defendants either: (a) by personal service, overnight mail, certified mail, regular mail or Federal Express, or (b) as otherwise permitted by applicable statute or rule, within 7 days of the date of this Default Judgment, this being and constituting proper service

**SO ORDERED**:

_____
Hon. Jesse M. Furman, U.S.D.J.
August 1, 2022